## IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
## IN AND FOR DUVAL COUNTY, FLORIDA

Case No.: _____

Division: _____

16  2010-CA-005275

**DANIEL HERMANY**

Plaintiff,

vs.

DIVISION CV-H

**ASR INTERNATIONAL CORPORATION, A FOREIGN CORPORATION,**

3:10-cv-535-J-20 JRK

Defendant

_____/

### COMPLAINT

Daniel Hermany, Plaintiff herein, files this Complaint against ASR International Corporation, a foreign corporation, Defendant herein, and alleges:

### PARTIES

1.      Plaintiff, Daniel Hermany, an individual, resides in Duval County, Florida.

2.      Defendant, ASR International Corporation, a foreign corporation, a Foreign Corporation, has a principal place of business at 580 Old Willets Path, Hauppauge in Suffolk County, New York.

### JURISDICTIONAL STATEMENT

3.      The amount in controversy exceeds $15,000.00, excluding interest, costs and attorney's fees, which is within the jurisdiction of the court in accordance with Section 26.012 of the Florida Statutes.

### LONG ARM JURISDICTION

4.      Defendant, ASR International Corporation, a foreign corporation, has submitted itself to the jurisdiction of the courts of the State of Florida under Section 48.193(1)(a) of the Florida Statutes because Defendant, ASR International Corporation, a foreign corporation, has operated, conducted, engaged in, or carried on a business or business venture in this state.

### VENUE

5.      Venue in Duval County, Florida is proper in this action under Section 47.011 of the Florida Statutes because the Defendant entered into a contract with the Plaintiff to work for the Defendant at the Naval Air Station located in Duval County Jacksonville, Florida and the actions which giving rise to this action occurred in this county.

### FACTS IN SUPPORT OF CLAIMS

6.      On or about November of 2008, Defendant contacted Plaintiff about hiring him for

a position as a program analyst. This job required Plaintiff to work at the Naval Air Station in Jacksonville, Florida. The term of the employment contract was for 9 months, from January 4th, 2009 until September 30th, 2009. The rate of pay was to be 37 dollars per hour. The Defendant offered the job to the Plaintiff in writing and verbally and the Plaintiff accepted the job offer. As a result of the offer and acceptance of the job working for the Defendant, the Plaintiff, who was previously working as an insurance agent, began to wind down his insurance practice and did not seek or accept new insurance business as he would have without the job promised to him by the Defendant. Plaintiff filled out all the required paperwork requested by the Defendant in order for the Plaintiff to start working for the Defendant on January 5th, 2009. On January 5th, 2009, Plaintiff appeared at the work site and began working. When Plaintiff began working he was confronted by another man who said that he had been hired for the same job that Plaintiff was hired for by the Defendant. After telephone calls to the Defendant's employees and agents, the Plaintiff was told to go home and that the Defendant would resolve the problem. The Plaintiff went home as directed by the Defendant and stayed in contact with the Defendant to receive further instructions. The Defendant did not call the Plaintiff back to work and instead hired the other man who was at the job site when the Plaintiff first appeared. The Plaintiff was not paid any wages for the time that he spent at work and was not paid any severance pay by the Defendant.

7.    As a direct and proximate result of the action by Defendant, Plaintiff suffered lost wages and income and suffered diminished income from his insurance practice as a result of the actions of the Defendant.

## COUNT 1
### PROMISSORY ESTOPPEL

8.    Plaintiff, Daniel Hermany, adopts by reference, as if set out fully and completely in this Count, the following statements of this Complaint: Paragraphs 1 through 7.

9.    Plaintiff detrimentally relied upon the promise of employment made by the Defendant. The Defendant reasonably should have expected that the promise of employment made to the Plaintiff to induce reliance in the form of action or forebearance on the part of the Plaintiff, specifically by Plaintiff winding down his insurance practice in anticipation or working full time for the Defendant. The injustice done to the Plaintiff by failing to honor the promise of employment resulted in damages to the Plaintiff.

## COUNT 2
### BREACH OF CONTRACT(WRITTEN)

10.    Plaintiff, Daniel Hermany, adopts by reference, as if set out fully and completely in this Count, the following statements of this Complaint: Paragraphs 1 through 7.

11.    Defendant and Plaintiff entered into a contract of employment. The documents that are attached as Exhibit A to the complaint are evidence of the written agreement. The Defendant

breached the contract by discharging the Plaintiff from employment without cause before the end of the term of the contract. As a result of the Defendant's breach of the contract the Plaintiff suffered damages.

## COUNT 3
### BREACH OF CONTRACT(ORAL)

12.     Plaintiff, Daniel Hermany, adopts by reference, as if set out fully and completely in this Count, the following statements of this Complaint: Paragraphs 1 through 7.

13.     Defendant and Plaintiff entered into an oral contract for employment with a term of employment for less than nine months. The Defendant offered employment to the Plaintiff and the Plaintiff accepted the offer. The Plaintiff began work for the Defendant and the Defendant discharged the Plaintiff from work without cause and before the end of the term of the contract. As a result of the Defendant's breach of the contract the Plaintiff suffered damages.

## COUNT 4
### FAILURE TO PAY WAGES

14.     Plaintiff, Daniel Hermany, adopts by reference, as if set out fully and completely in this Count, the following statements of this Complaint: Paragraphs 1 through 7.

15.     The Plaintiff appeared for work at the time and place designated by the Defendant. The Defendant replaced the Plaintiff with another employee on the day that Plaintiff appeared for work. The Plaintiff was not paid for the time that he spent working for the Defendant and was not paid any severance pay after the Defendant breached the contract of employment and discharged the Plaintiff.

## COUNT 5
### ATTORNEY'S FEES

16.     Plaintiff, Daniel Hermany, has employed Robert L. Corse, P.A. for representation in this action, and Plaintiff has agreed to pay a reasonable attorney fee to Robert L. Corse, P.A..

17.     Plaintiff, Daniel Hermany, is entitled to recover reasonable attorney's fees incurred in connection with this action pursuant to Section 448.08 of the Florida Statutes.

### DEMAND FOR JURY TRIAL

18.     Plaintiff demands a trial of this action by jury.

### DEMAND FOR JUDGMENT

WHEREFORE, Plaintiff demands a jury trial of this action, and further demands judgment against Defendant for general damages, lost wages, pre-judgment interest and for such other and further relief, in law or in equity, to which Plaintiff may be justly entitled.

Robert L. Corse, P.A.
Attorney for Plaintiff
Florida Bar No. 338893
233 East Bay Street Ste 920
Jacksonville, Florida  32202
Telephone: (904) 634-1701
Fax: (904) 634-1507